# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 11-41358
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ISIDRO JIMENEZ, also known as Chilo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-1089-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Isidro Jimenez appeals the within-guidelines 210-month sentence imposed following his conviction for possession with the intent to distribute cocaine. Jimenez argues that the district court clearly erred in increasing his offense level by two levels pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight. He contends that the district court relied on events surrounding Jimenez's flight from authorities on October 2, 2006, which was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the offense of conviction. Because his guidelines range would be 168-210 months without the enhancement, Jimenez asserts that the error is not harmless.

The Government asserts that Jimenez's argument is not supported by the record because the district court applied the enhancement based on a flight from authorities that occurred in connection with the events of July 17, 2006. Jimenez did not file a reply brief to address the Government's contention.

We review a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Section 3C1.2 provides for a two-level increase in a defendant's offense level if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." To secure a § 3C1.2 enhancement, "the government must show that the defendant (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and that this conduct occurred during the commission of *the offense of conviction*, in preparation for *that* offense, or in the course of attempting to avoid detection or responsibility for *that* offense." *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005) (internal quotation marks and citation omitted).

The record shows that the district court based its decision to apply the two-level enhancement under § 3C1.2 based on a flight that occurred as part of the offense of conviction on July 17, 2006. The court recognized that the presentence report incorrectly relied on the October 2, 2006, offense. However, the court noted that the count to which Jimenez entered his guilty plea also involved a dangerous pursuit and found that the pursuit supported the enhancement. Jimenez does not challenge in any way the finding that the July 17, 2006, flight was sufficient to support the § 3C1.2 enhancement.

No. 11-41358

Jimenez's argument is belied by the record. Therefore, he does not show that the district court clearly erred in the application of the enhancement. *See Cisneros-Gutierrez*, 517 F.3d at 764.

Accordingly, the judgment of the district court is AFFIRMED.